**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

AARON C. JACKSON,

                  Plaintiff,

                    v.

COUNTY OF ONONDAGA et al.,

                  Defendants.
_____

9:17-cv-845
(GLS/CFH)

| APPEARANCES: | OF COUNSEL: |
|---|---|

**FOR THE PLAINTIFF:**
Office of Jarrod W. Smith
11 South Main Street
P.O. Box 173
Jordan, NY 13080

JARROD W. SMITH, ESQ.

**FOR THE DEFENDANTS:**
*County of Onondaga & Onondaga
County Department of Corrections*
 Gaines, Novick, Ponzini, Cossu &
Venditti, LLP
 11 Martine Avenue, 8th Floor
 White Plains, NY 10606

JOHN M. MURTAGH, ESQ.

*John Doe, M.D., Jane Doe, M.D.,
John Doe, R.N., and Jane Doe, R.N.*

NO APPEARANCE

**Gary L. Sharpe
Senior District Judge**

**MEMORANDUM-DECISION AND ORDER**

**I. Introduction**

Plaintiff Aaron C. Jackson brings a 42 U.S.C. § 1983 claim and various state law claims against the County of Onondoga, its Department of Corrections (hereinafter, "County defendants"), and Doe defendants.[1] (Compl., Dkt. No. 1.) Pending is a motion to dismiss filed by County defendants. (Dkt. No. 14.) For the following reasons, the motion is granted.

**II. Background**

**A. Facts**[2]

On September 7, 2016, Jackson, a Type 1 diabetic who is insulin-dependent, entered the Jamesville Correctional Facility Jail (hereinafter "the facility"). (Compl. ¶¶ 13-14.) At an unspecified date and time, when he requested insulin at the facility, Jackson was told that he needed to fill out a request to go to the nurse to get it. (*Id.* ¶ 16.) At another unknown

---

[1] Specifically, the Doe defendants are John Doe, M.D., Jane Doe, M.D., John Doe, R.N., and Jane Doe, R.N. (Compl. ¶ 11.)

[2] The facts are drawn from Jackson's complaint and presented in the light most favorable to him.

date and time, "[w]hen [Jackson]'s blood sugar was so low in the . . . facility this constituted a medical emergency, which [defendants] ignored until [he] was passing out because of his low blood sugar." (*Id.*) Whether related or not, at some point in September 2016, Jackson had to be rushed to Upstate Medical Center because his blood sugar was so low, and he "almost" ended up in a coma. (*Id.* ¶ 15.) Additionally, "[w]hile in the care of custody" of defendants, Jackson's "blood sugars were as high as 421 and as low as 16 near death." (*Id.* ¶ 14.)

At an unknown time, defendants did not give Jackson the correct amount of insulin and "were over medicating" him. (*Id.* ¶ 17.) "The medical staff [we]re by and large incompetent to treat [Jackson]'s Type 1 diabetic condition by failing to over medicate, not medicate[,] and allow [Jackson] to have high blood sugars." (*Id.* ¶ 18.) Finally, defendants knew about Jackson's "pre-existing condition . . . when he entered their facility when they denied him medical treatment," although it is left unsaid how or why they knew. (*Id.* ¶ 58.)

**B.    Procedural History**

Jackson filed his complaint on August 3, 2017. (Compl.) His claims are (1) deliberate indifference to serious medical needs pursuant to

3

§ 1983, (*id.* ¶¶ 22, 32-38); (2) state law respondeat superior liability, (*id.* ¶¶ 39-41); (3) state law intentional and negligent infliction of emotional distress, (*id.* ¶¶ 42-44); (4) state law negligence, (*id.* ¶¶ 45-47); (5) state law "negligent hiring, screening, retention, supervision, and training," (*id.* at 10, ¶¶ 48-50); and (6) state law medical malpractice, (*id.* ¶¶ 51-58).[3]

On August 16, 2017, Magistrate Judge Christian F. Hummel granted Jackson's motion to proceed *in forma pauperis*. (Dkt. Nos. 2, 3.) On November 6, 2017, County defendants filed the pending motion to dismiss. (Dkt. No. 14.)

### III. Standard of Review

Federal Rule of Civil Procedure 12(b)(6) provides that a cause of action shall be dismissed if a complaint fails "to state a claim upon which

---

[3] To the extent that Jackson cites 42 U.S.C. § 1988, (Compl. ¶¶ 1, 20), "[Section] 1988 does not provide an independent cause of action." *Weiss v. Violet Realty, Inc.*, 160 F. App'x 119, 120 (2d Cir. 2005) (internal citations omitted). Also, Jackson's allegation that defendants violated Article I, § 12 of the New York Constitution, (Compl. ¶ 23), is seemingly an error, because that section describes unreasonable searches and seizures, which has nothing to do with the rest of the complaint. (Dkt. No. 14, Attach. 5 at 3 n.1.) Likewise, Jackson's bare allegation that defendants used excessive force "upon her," (Compl. ¶ 24), is confusing. (Dkt. No. 3 at 3 n.3.) To the extent that these allegations are an attempt to state claims, those claims are dismissed.

relief can be granted." For a full discussion of the governing standard for Rule 12(b)(6), the court refers the parties to its prior decision in *Ellis v. Cohen & Slamowitz, LLP*, 701 F. Supp. 2d 215, 218 (N.D.N.Y. 2010).

### IV. Discussion

**A.  Section 1983 Claims**

*1.  Deliberate Indifference to Serious Medical Needs*

Under the Eighth Amendment, a deliberate indifference to serious medical needs claim has two requirements. *See Spavone v. N.Y.S. Dep't of Corr. Servs.*, 719 F.3d 127, 138 (2d Cir. 2013). "The first requirement is . . . [that] the alleged deprivation of adequate medical care must be sufficiently serious." *Id.* (internal quotation marks and citations omitted). "The second requirement is . . . [that] the [defendants] must be subjectively reckless in their denial of medical care." *Id.* (internal citation omitted). That is, the defendant must "know[] of and disregard[] an excessive risk to inmate health or safety; the [defendant] must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

County defendants argue that it is not entirely clear, factually, what

5

Jackson is alleging. (Dkt. No. 14, Attach. 5 at 1.) They contend that Jackson's "bare-bones statements" are not specific as to time, place, or the individuals involved. (*Id.*) Moreover, County defendants argue that, even assuming Jackson's allegations satisfy the first requirement, Jackson has failed to allege facts from which an inference may be drawn that defendants acted with the requisite mental culpability. (*Id.* at 7-9). The court agrees.

It is true that Jackson alleges that "[d]efendants knew about [his pre-existing condition] when he entered their facility." (Compl. ¶ 58.) But his complaint fails to meet the threshold requirements of § 1983 in that it does not contain specific allegations of fact indicating a deprivation of his rights by defendants. *See Barr v. Abrams*, 810 F.2d 358, 363 (2d Cir. 1987) ("[C]omplaints relying on the civil rights statutes are insufficient unless they contain some specific allegations of fact indicating a deprivation of rights, instead of a litany of general conclusions that shock but have no meaning.") (collecting cases). Nowhere in his complaint does Jackson provide specific dates, times, or which defendants were engaged in specific acts, which is a basis for dismissal of his § 1983 claim. *See Marable v. Kurtz*, No. 99CIV.1387, 2000 WL 1279763, at *2 (S.D.N.Y.

6

Sept. 11, 2000); *see also Shapiro v. Goldman*, 14 Civ. 10119, 2016 WL 4371741, at *14 n.13 (S.D.N.Y. Aug. 15, 2016) (dismissing claims where complaint failed to even attempt to identify any Doe defendant or allege any specific conduct undertaken by such defendant).

    In sum, Jackson alleges that he is a Type 1 diabetic; he had to be rushed to a hospital in September 2016 because his blood sugar was so low and he "almost" ended up in a coma; "when he requested insulin at the . . . facility he was told he needed to fill out a request to go to the nurse to get it"; and defendants ignored his low blood sugar until he was passing out because of his low blood sugar. (Compl. ¶¶ 14-16.) Among other things, Jackson fails to allege when he requested insulin, how he requested it, whom he requested it from, whether he received any insulin before being rushed to the hospital, whether he was a prisoner in the facility when he was rushed to the hospital (as opposed to it happening before he was a prisoner), how these events relate to each other (if at all), or how defendants knew he was Type 1 diabetic. In other words, Jackson has failed to allege facts from which a court can reasonably infer that defendants acted with deliberate indifference to his medical needs. *See Fernandez v. N.Y.C. Dep't of Corr.*, No. 08 CV 4294, 2010 WL 1222017,

7

at *5 (S.D.N.Y. Mar. 29, 2010); *Bowen v. County of Allegany*, No. 03-CV-272S, 2004 WL 1588213, at *3 (W.D.N.Y. July 14, 2004).

Jackson also alleges that defendants did not give him the correct amount of insulin, overmedicated him, and failed to properly treat him. (Compl. ¶¶ 36-37.)  Setting aside whether these allegations are sufficiently specific, they are nonetheless dismissed because, as County defendants argue, (Dkt. No. 14, Attach. 5 at 8, 9), issues of medical judgment are not actionable under § 1983.  *See Hill v. Curcione*, 657 F.3d 116, 123 (2d Cir. 2011) ("Issues of medical judgment cannot be the basis of a deliberate indifference claim where evidence of deliberate indifference is lacking.") (internal citation omitted); *Chance v. Armstrong*, 143 F.3d 698, 703 (2d Cir. 1998) ("It is well-established that mere disagreement over the proper treatment does not create a constitutional claim.").

It should be noted that Jackson's response to the motion to dismiss, (Dkt. No. 22), is confused in many respects.  First, his argument that the motion to dismiss is "premature[] [and] lacks the specificity of the benefit of discovery and depositions," (*id.* at 8), is patently wrong.  "[T]he very point of a motion to dismiss is to shield defendants from having to proceed with discovery when a complaint's allegations fail to state a legally

8

cognizable claim." *Abraham v. Entrepreneur Media, Inc.*, No. 09–CV–2096, 2009 WL 4016515, at *2 (E.D.N.Y. Nov. 17, 2009). Also, Jackson's position is that the motion to dismiss is actually a motion for summary judgment, (Dkt. No. 22 at 7, 10, 11), but he offers no cogent rationale.

Finally, along with his response, Jackson filed, among other things, a declaration by his attorney and certain medical records. (Dkt. No. 21; *Id.*, Attach. 2.) These are not properly considered on a motion to dismiss, *see Dunkelberger v. Dunkelberger*, No. 14–CV–3877, 2015 WL 5730605, at *6 (S.D.N.Y. Sept. 30, 2015) (collecting cases); *HB v. Monroe Woodbury Cent. Sch. Dist.*, No. 11–CV–5881, 2012 WL 4477552, at *5 (S.D.N.Y. Sept. 27, 2012) (collecting cases); *Ohuche v. Merck & Co.*, No. 11 Civ. 2385, 2011 WL 2682133, at *2 (S.D.N.Y. July 7, 2011) ("In deciding a Rule 12(b)(6) motion, a court may not consider evidence offered by a party which is outside of the pleadings."), and the court excludes them from consideration, *see* Fed. R. Civ. P. 12(d).

2. Monell *Liability*

To the extent that Jackson makes a claim for *Monell* liability in his

complaint,[4] it is dismissed.  County defendants correctly argue that Jackson fails to allege any policy, custom, or practice that led to a constitutional violation.  (Dkt. No. 14, Attach. 5 at 10-11 (citing cases).)  Jackson's only response to this point is as cursory as it is conclusory.  (Dkt. No. 22 at 11.)

B.  **State Law Claims**

County defendants argue that, if Jackson's federal claims are dismissed, the court should decline to exercise supplemental jurisdiction over his state law claims.  (Dkt. No. 14, Attach. 5 at 12-13.)  Jackson offers no argument in response.  (*See generally* Dkt. No. 22.)  Given that County defendants' argument is facially meritorious, Jackson's failure to respond is deemed as consent to dismissal.  *See* N.D.N.Y. L.R. 7.1(b)(3); *Jackson v. Onondaga County*, 549 F. Supp. 2d 204, 222 (N.D.N.Y. 2008).  "It is well settled that where, as here, the federal claims are eliminated in the early stages of litigation, courts should generally decline to exercise pendent jurisdiction over remaining state law claims."  *Klein & Co. Futures*

---

[4] As County defendants correctly note, (Dkt. No. 14, Attach. 5 at 10), none of Jackson's six enumerated claims are for *Monell* liability, (Compl. ¶¶ 32-58).

*v. Bd. of Trade of City of N.Y.*, 464 F.3d 255, 262 (2d Cir. 2006) (internal citations omitted). "In deciding whether to exercise jurisdiction over supplemental state-law claims, district courts should balance the values of judicial economy, convenience, fairness, and comity[.]" *Id.* (internal citation omitted). Here, the court sees no reason why the balance of those values would favor exercising supplemental jurisdiction.

**C.** **Leave to Amend**

Although County defendants' motion to dismiss is granted,[5] the court does so without prejudice. The court gives leave to amend because justice so requires. *See* Fed. R. Civ. P. 15(a)(2). Despite the vague, opaque, and conclusory nature of his allegations, it appears that Jackson may, with better pleading, have a viable claim/claims. However, any amended complaint should set forth sufficient factual allegations; the court will not fill in the blanks or follow a bread crumb trail of a represented

---

[5] It should be noted that County defendants' motion seeks to dismiss Jackson's complaint in its entirety. (Dkt. No. 14, Attach. 5 at 16.) However, even to the extent County defendants could be said not to have specifically moved for the dismissal of the Doe defendants, the court nonetheless dismisses the Doe defendants for the reasons set forth throughout this Memorandum-Decision and Order. *See Carelock v. United States*, No. 14–CV–3594, 2015 WL 5000816, at *4 n.2 (S.D.N.Y. Aug. 20, 2015).

11

plaintiff.[6]

### V. Conclusion

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that County defendants' motion to dismiss (Dkt. No. 14) is **GRANTED**; and it is further

**ORDERED** that Jackson's complaint (Dkt. No. 1) is **DISMISSED WITHOUT PREJUDICE**; and it is further

**ORDERED** that Jackson shall file an amended complaint within fourteen (14) days of this Memorandum-Decision and Order, and the Clerk shall close this case without any further Order should he fail to do so; and it is further

**ORDERED** that the Clerk provide a copy of this Memorandum-Decision and Order to the parties.

**IT IS SO ORDERED.**

January 28, 2019
Albany, New York

*Gary L. Sharpe*
U.S. District Judge

---

[6] An amended complaint must be a wholly integrated and complete pleading that does not rely upon or incorporate by reference any pleading or document previously filed with the court. See *Kiraka v. M & T Bank*, 6:18-cv-1264, 2018 WL 6566306, at *1 (N.D.N.Y. Dec. 13, 2018) (citing *Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994)).