UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

ROBIN McCRAY,
ADMINISTRATRIX OF THE
ESTATE OF AARON C.
JACKSON,[1]

                    **Plaintiff,**

                    v.

**COUNTY OF ONONDAGA et al.,**

                    **Defendants.**
_____

9:17-cv-845
(GLS/CFH)

## SUMMARY ORDER

Aaron C. Jackson brought this action, alleging a 42 U.S.C. § 1983 claim and various state law claims against the County of Onondoga, Onondaga County Department of Corrections, Correct Care Solutions, L.L.C., Correct Care Recovery Solutions, L.L.C, Betty Carlisle, Mary Anne Hughes, and Alexandria Aloi.  (Am. Compl., Dkt. No. 32.)  Jackson has since died.  (Dkt. No. 46.)  Pending is defendants' motion to dismiss, (Dkt. No. 38), and a cross-motion to amend the amended complaint by substituted plaintiff Robin McCray, Administratrix of the Estate of Aaron C.

---

[1] The unopposed motion to substitute a party because of death, (Dkt. No. 54), is granted, and the Clerk is directed to amend the docket to reflect that Robin McCray, Administratrix of the Estate of Aaron C. Jackson, has been substituted as plaintiff.

Jackson, (Dkt. No. 41).  For the following reasons, defendants' motion to dismiss is granted, and McCray's cross-motion to amend the amended complaint is denied.

On August 3, 2017, Jackson commenced the instant action. (Compl., Dkt. No. 1.)  Defendants filed a motion to dismiss for failure to state a claim, (Dkt. No. 14), which the court granted on January 28, 2019, (Dkt. No. 29).  However, in an abundance of caution, and despite the fact that Jackson was represented by counsel, the court granted leave to amend. (*Id.* at 11-12.)

The court will not restate the facts insofar as they were recited in the court's prior order.  (*Id.* at 2-3.)  The only additional facts provided in the amended complaint are (1) the allegation that Jackson was taken to Upstate Medical Center, after having been denied medical treatment for his diabetes, on September 13, 2016, (Am. Compl. ¶¶ 17, 18, 36, 37, 57, 58), as compared to the original complaint, which provided only "September 2016" as the date, (Dkt. No. 1, Compl. ¶¶ 15, 16, 34, 35, 53, 54), and (2) a paragraph listing Jackson's insulin levels on certain specific dates, (Am. Compl. ¶ 40).  Nor will the court restate the applicable law insofar as it was addressed at length in the court's prior order.  (Dkt. No. 29 at 5-10.)

The amended complaint fails to meaningfully correct the deficiencies identified in the court's January 2019 Memorandum-Decision and Order. For instance, in analyzing Jackson's deliberate indifference claim, the court noted that Jackson's complaint did "not contain specific allegations of fact indicating a deprivation of his rights by defendants," and he "failed to allege facts from which a court can reasonably infer that defendants acted with deliberate indifference to his medical needs." (Dkt. No. 29 at 6-7.) The amended complaint fails to cure this deficiency, and, thus, McCray's deliberate indifference claim is dismissed for the same reasons as previously explained. (*Id.* at 5-9.)

As for McCray's various state law claims, "[i]t is well settled that where, as here, the federal claims are eliminated in the early stages of litigation, courts should generally decline to exercise pendent jurisdiction over remaining state law claims." *Klein & Co. Futures v. Bd. of Trade of City of N.Y.*, 464 F.3d 255, 262 (2d Cir. 2006) (citations omitted). "In deciding whether to exercise jurisdiction over supplemental state-law claims, district courts should balance the values of judicial economy, convenience, fairness, and comity." *Id.* (citation omitted). Here, the court sees no reason why the balance of those values would favor exercising

3

supplemental jurisdiction, and, thus, McCray's state law claims are dismissed as well.

Finally, to the extent McCray seeks leave to amend in a cross-motion, (Dkt. No. 41, Attach. 1), which fails to comply with Local Rule 7.1(a)(4), it is denied. Indeed, despite having requested an extension to respond to defendants' motion to dismiss, (Dkt. No. 39), which the court granted, (Dkt. No. 40), McCray's counsel acknowledged his failure to comply with the Local Rules in attaching the proposed second amended complaint to his motion papers, but stated that he was unable to do so because of "other client and court obligations," (Dkt. No. 41, Attach. 1). Accordingly, McCray's cross-motion to amend the amended complaint is denied for failure to comply with the Local Rules of Practice and because leave to amend was previously granted. *See Binn v. Bernstein*, No. 19 Civ. 6122, 2020 WL 4550312, at *34 (S.D.N.Y. July 13, 2020), *report and recommendation adopted*, No. 1:19-CV-6122, 2020 WL 4547167 (S.D.N.Y. Aug. 6, 2020) ("To grant Plaintiffs['] leave to amend would be allowing them a 'third bite at the apple,' which courts in this district routinely deny." (collecting cases)).

Accordingly, it is hereby

4

**ORDERED** that Jackson's motion to substitute a deceased party (Dkt. No. 54) is **GRANTED**; and it is further

**ORDERED** that the Clerk is directed to amend the caption of this matter to reflect that Robin McCray, Administratrix of the Estate of Aaron C. Jackson, is substituted as plaintiff; and it is further

**ORDERED** that defendants' motion to dismiss (Dkt. No. 38) is **GRANTED**; and it is further

**ORDERED** that McCray's cross-motion to amend his amended complaint (Dkt. No. 41) is **DENIED**; and it is further

**ORDERED** that McCray's amended complaint (Dkt. No 32) is **DISMISSED**; and it is further

**ORDERED** that the Clerk close this case; and it is further

**ORDERED** that the Clerk provide a copy of this Summary Order to the parties.

**IT IS SO ORDERED.**

September 21, 2020
Albany, New York

_Gary L. Sharpe_
Gary L. Sharpe
U.S. District Judge